UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
************************************
PAUL LECLAIR                        *
        Plaintiff,                  *
                                    *        CIVIL ACTION NO. 04-11633RGS
vs.                                 *
                                    *
HOME DEPOT USA, INC.,               *
        Defendant.                  *
                                    *
************************************
```

## STATEMENT OF HOME DEPOT U.S.A. INC.

Defendant, Home Depot U.S.A., Inc., ("defendant") submit this Statement pursuant to Local Rule 16.1 (D)(1) and (2). Local Rule 16.1 (D)(3) and 7.1 Corporate Disclosure Statement certifications have been filed separately by defendant. All of the proposals with respect to pretrial matters contained in this Statement are made jointly by the defendant.

1.      Brief Background

This is an action arising out of an accident in which plaintiff alleges that he sustained personal injuries on March 14, 2002, when he slipped and fell off of a raised platform while working for an outside vendor at the Manchester, New Hampshire Home Depot retail store. Plaintiff's claim arises out of theories of negligence. Home Depot has denied the plaintiff's claims and asserted numerous affirmative defenses. The plaintiff and Home Depot have both demanded a jury trial.

2.      Planned Discovery

The parties have discussed the concept of phased discovery, but do not believe that it would be helpful in the particular circumstances of this case.

3. Trial by Magistrate Judge

The parties have consented to trial before a magistrate judge.

4. Automatic Disclosures

The parties will serve its initial Fed. R. Civ. P. 26(a)(1) disclosure in accordance with Fed. R. Civ. P. 26 and Local Rule 26.2 and the defendant filed its Certification pursuant to Local Rule 16.1 separately. In addition, defendant has filed its Local Rule 7.3 Corporate Disclosure Statement.

5. Settlement

The plaintiff has made a settlement demand of $144,922.75. Defendant has not made an offer of settlement.

6. Proposed Discovery Plan

The Parties propose that discovery be conducted in accordance with the following provisions:

(a) Interrogatories

  (i) Each side shall be limited to a total of 30 interrogatories.

  (ii) Each side may divide its permitted interrogatories into as many separate sets as it wishes.

  (iii) No interrogatories shall be served later than May 1, 2005.

(b) Fed. R. Civ. P. 34 Requests

  (i) Each side shall be limited to a total of 30 separate Fed.R.Civ.P. 34 requests directed to the other side.

  (ii) Each side may divide its permitted Rule 34 requests into as many

     sets as it wishes.

  (iii) No Rule 34 shall be served later than May 1, 2005.

(c) <u>Fed. R. Civ. P. 36 Requests</u>

  (i) Each side shall be limited to a total of 30 Rule 36 requests for admission of facts.

  (ii) Each side may divide its permitted requests for admission into as many separate sets as it wishes.

  (iii) No Rule 36 requests shall be served later than 90 days before the the date set for commencement of trial.

(d) <u>Non-Party Documents-Only Subpoenas</u>

  (i) There shall be no specific numerical limit on the number of documents-only subpoenas that the parties may serve on non-parties pursuant to Fed.R.Civ.P. 34(c) and 45. This provision is however without prejudice to the right of any party and any non-party to move for a protective order with respect to documents-only subpoenas, which they deem excessive, unreasonable, or otherwise inappropriate.

  (ii) The party serving a non-party documents-only subpoena shall serve a copy of the subpoena on counsel for the other party on or before the date the subpoena is served on the records custodian. The party serving the subpoena shall provide counsel for the other party with copies of all documents received in response to it upon such counsel's written request for copies and agreement to pay the reasonable cost of making the copies.

(e) <u>Depositions of Fact Witnesses</u>

  (i) Each side shall be limited to a total of 10 depositions of fact witnesses, except that the following shall not be counted toward the numerical limit on fact witness depositions:

    (A) Depositions of health care professionals who provided diagnosis, care or treatment of the plaintiff;

  (ii) No deposition of a fact witness shall last more than 6 hours, exclusive of a 1 hour lunch break, unless both parties and the witness agree or the court orders otherwise.

3

    (iii) All discovery depositions of fact witness shall be concluded no later than June 1, 2004. Depositions of fact witnesses unlikely to be available to testify at trial, and taken for the purpose of eliciting trial testimony, may be taken later than June 1, 2004, insofar as the parties and the witness may agree or the court may order.

(f) <u>Expert Disclosures</u>

    (i) The parties shall provide its Rule 26(a)(2) disclosure with respect to proposed trial experts no later than May 1, 2005.

    (ii) The parties shall produce its proposed trial experts for deposition no later than September 1, 2004.

    (iii) Proposed trial experts shall be produced for deposition without need for service of a subpoena upon the witness. The party seeking the deposition shall serve a deposition notice with, if appropriate, a request for specified documents appended to it. It shall be the responsibility of the party proposing to introduce the proposed expert's testimony at trial to assure that the witness appears in accordance with the notice and produces the requested documents, except insofar as timely objection is made thereto.

    (iv) The parties shall cooperate in selecting dates for depositions of proposed experts that are consistent with subsection (ii) and which are reasonably convenient for all counsel and the witnesses. It shall be the responsibility of counsel for the parties to notify each of their proposed expert witnesses of the provisions of this order regarding depositions of experts no later than two months before the Rule 26(a)(2) disclosures with respect to such experts are made, and to take timely measures to assure such witnesses' availability for deposition in accordance with subsection (ii).

    (v) There shall be no specific limit to the length of any expert deposition. This provision is not, however, to the prejudice of any party or expert witness to seek a protective order with respect to a deposition which the party or witness deems to be unduly protracted.

    (vi) Any party may record the deposition of any proposed expert witness by audiovisual means without further order of the court so long as the deposition is recorded by stenographic means as well as audiovisual means. The party wishing to record a deposition by audiovisual means shall so state in the notice of taking of deposition and shall notify the other party at least 14 days in advance of the identity of the person or entity which will perform

   the audiovisual recordation. Nothing in this subsection shall be to the prejudice of any party or witness to seek a protective order with respect to proposed audiovisual recordation of a deposition if the party or witness believes there is good cause for such an order.

  (vii) The party taking the deposition of a proposed expert witness shall be responsible for paying the witness for (a) his or her time actually spent at the deposition, (b) his or her time actually spent traveling to and from the deposition, except insofar as such travel may be attributable in part to other business of the witness, and (c) reasonable expenses (including coach air fare) actually incurred in traveling to and from the deposition, except insofar as such expenses may be attributable in part to other business of the witness. Such payment shall be made within 60 days after receipt by counsel who took the deposition of a bill itemizing the reimbursable charges described in this subsection. Payment for the witness' time shall be at the same rate charged by the witness for his or her services performed for the party which retained him or her, and not at a premium or flat rate, unless otherwise agreed by the parties.

  (viii) The party that takes the deposition of a proposed trial expert shall be entitled to receive copies of documents produced by the witness in accordance with the deposition notice and subsection (iii) upon the party's request for them and agreement to pay the reasonable copying cost.

7. <u>Schedule for Motions</u>

 (a) Motions to amend the pleadings shall be filed no later than May 15, 2005.

 (b) Motions to add third-party defendants shall be filed no later than May 1, 2005, except insofar as any amendment to the complaint allowed after the date of this order may make such addition appropriate. A motion to add a third-party defendant that is made appropriate by any such amendment shall be filed no later than 45 days after the amendment is allowed.

 (c) Dispositive motions shall be filed no later than September 2, 2005.

 (d) Motions for confidentiality orders with respect to materials requested in discovery and motions for protective orders with respect to discovery proceedings may be filed at any reasonable time after the issues to which they pertain arise, but before filing any such motion counsel for all parties shall engage in good faith negotiations in an effort to resolve the issues by agreement.

8.  <u>Final Pretrial Conference and Trial Date</u>

The final pretrial conference should be convened on a date convenient to the court during Fall, 2005. Trial should be scheduled for a date convenient to the court at a date agreed upon at the final pretrial conference.

9.  <u>Modification of Proposed Discovery Plan</u>

The parties agree that the provisions of the proposed discovery plan set forth herein shall be modified by the parties only by order of the court, and only upon a showing of good cause supported by affidavits, other evidentiary materials or references to pertinent portions of the records.

The defendant in the above captioned action pursuant to the Notice of Scheduling Conference and Federal Rule of Civil Procedure 26(f), submit the following Proposed Discovery and Motion Plan. The undersigned counsel conferred in order to discuss and develop the following plan; however, they were unable to reach an agreement as to certain aspects of the discovery plan.

| HOME DEPOT USA, INC.<br>By its Attorneys, | PAUL LECLAIR<br>By his Attorney, |
|---|---|
| ____/s/__ Kenneth M. Robbins_____<br>James M. Campbell, Esq.<br>Kenneth M Robbins, Esq.<br>Campbell Campbell Edwards & Conroy, P.C<br>One Constitution Plaza<br>Boston, MA 02129<br>(617) 241-3000 | Louis Haskell, Esq.<br>16 Pine Street<br>Lowell, MA 02112<br>(978) 459-8359 |

## CERTIFICATE OF SERVICE

    I, Kenneth M. Robbins, hereby certify that I have on this date, October 25, 2004, served a true and correct copy the above document on counsel for all parties via e-filing and by hand.

                                         __/s/__Kenneth M. Robbins_
                                         Kenneth M. Robbins