UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**PAUL LECLAIR**                   \*
     **Plaintiff,**                  \*
                                \*     **CIVIL ACTION NO. 04-11633RGS**
**vs.**                              \*
                                \*
**HOME DEPOT USA, INC.,**     \*
     **Defendant.**                \*
                                \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF HOME DEPOT USA, INC.'S MOTION FOR SUMMARY JUDGMENT

**I.   INTRODUCTION**

While working at the Home Depot store in Manchester, New Hampshire, Paul LeClair stepped backwards off of six-inch elevated platform without first looking behind him and fell. LeClair fell on the job while counting inventory at the Home Depot store at the direction of his employer, Washington Inventory. LeClair alleges in this lawsuit that Home Depot USA, Inc. ("Home Depot") negligently caused his fall because the subject platform constituted a dangerous condition on the premises. Home Depot now moves for summary judgment pursuant to Fed. R. Civ. P. 56 because any alleged danger associated with the platform was open and obvious. The undisputed material facts establish that Home Depot did not breach any duty owed to LeClair, and, consequently, LeClair cannot prove that Home Depot was negligent.

**II.   LOCAL RULE 56.1 CONCISE STATEMENT OF MATERIAL FACTS**

1. LeClair worked for Washington Inventory counting merchandise and products on the premises of many different retailers, including the Home Depot store located in Manchester, New Hampshire. Exhibit A: LeClair Depo. at 23-26.

2. LeClair counted merchandise at such stores as Target, Sears, the Disney Store, Banana Republic, Kids 'R Us, Shaw's, Brooks, Osco Drugs, and Walgreens. LeClair Depo. at 23.

3. LeClair had counted merchandise at various Home Depot stores between thirty-five and forty times prior to the date of his fall. LeClair Depo. at 27.

4. On March 14, 2002, LeClair was assigned by Washington Inventory to the millwork section of the Home Depot store in Manchester, New Hampshire to count letters and numbers that are typically used on the side of mailboxes or garages. LeClair Depo. at 42-43.

5. The lettering hung from pegs in an alcove that was created by an open three-sided display. LeClair Depo. at 51; see LeClair Depo. at Ex. 1.

6. At the base of the alcove, there was a wooden platform that resembled staging with a six-inch vertical difference from the ground. LeClair Depo. at 47.

7. Large and small orange safety cones, a bucket filled with light reflectors, and a bucket filled with driveway markers were also for sale and placed on the base of the platform. LeClair Depo. at 59-63, 75-77; LeClair Depo. Ex. 3.

8. LeClair voluntarily stepped up onto the platform at the base of the display. LeClair Depo. at 48.

9. LeClair clearly observed the platform before he stepped up onto it. LeClair Depo. at 55.

10. LeClair also specifically observed the merchandise for sale that was on the base of the display before he stepped up onto the platform. LeClair Depo. at 54-55.

11. After counting the mailbox lettering for approximately ten minutes, LeClair stepped backwards on the platform to review what he had already counted. LeClair Depo. at 49.

12. LeClair knew that he was standing on a platform with a six-inch vertical difference from the ground but he did not turn to look behind him before he stepped backward. LeClair Depo. at 55.

13. LeClair was aware that if he stepped backward from a surface that is six inches higher than another surface behind it, he might fall and be injured. LeClair Depo. at 68-69.

14. LeClair did not look behind him as he stepped backwards from a platform with a six-inch vertical difference from the ground. LeClair Depo. at 54.

15. As he was stepping backward while looking at the merchandise immediately in front of him and without looking backwards, LeClair's foot may have became involved with the stack of orange safety cones on the platform. LeClair Depo. at 54-55.

16. LeClair then fell, landing on his outstretched right hand and arm. LeClair Depo. at 56.

III.  **ARGUMENT**

A motion for summary judgment must be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P. 56(c). A principal purpose of the summary judgment motion is to "isolate and dispose of factually unsupported claims or defenses." *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 710 (1991), quoting *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323-324 (1986).

A party moving for summary judgment in a case where the opposing party will have the burden of proof at trial may demonstrate the lack of a triable issue by demonstrating an absence of evidence to support an essential element of the non-moving party's case. *Kourouvacilis*, 410 Mass. at 711. In such a situation, there can be no "genuine issue as to any material fact," because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-323. In the present case, there is an absence of evidence to suggest that Home Depot breached any duty to the plaintiff. Moreover, the undisputed material facts establish as a matter of law that the plaintiff's own negligent conduct was the sole cause of his alleged injuries.

An owner or occupier of land owes a duty of reasonable care to all visitors. *O'Sullivan* v. *Shaw*, 431 Mass. 201, 204 (2000). The landowner must maintain the premises in a reasonably safe condition and warn visitors of any unreasonable dangers of which the occupier is aware or reasonably should be aware. *Id*. The landowner's duty does not extend, however, to "dangers that would be obvious to persons of average intelligence" because it is "not reasonably foreseeable that a visitor exercising (as the law presumes) reasonable care for his own safety would suffer injury from such blatant hazards." *Id*. In examining the landowner's duty to warn, the court must consider "whether the dangerous condition was, objectively speaking, so obvious that an ordinarily intelligent plaintiff would perceive and avoid it, and, therefore, that any further warning would be superfluous." *Id*. at 206. Whether the defendant owes the plaintiff any duty to warn is a question of law to be decided by the Court. *Davis* v. *Westwood Group*, 420 Mass. 739, 743 (1995) and additional cases cited.

Home Depot did not have a duty to warn the plaintiff of any danger associated with the platform because any alleged danger was open and obvious. The undisputed facts of this case are simple: the plaintiff stepped backwards without looking while standing on a six-inch high platform and consequently fell. The plaintiff clearly observed the platform at issue before he stepped upon it, and there is no evidence that the condition of the step changed during the ten minutes LeClair was standing upon it or that there was anything concealed on the step that may have rendered it hazardous. Stepping backward from a well-lit and clearly visible step has been held to be an open and obvious danger to which no duty to warn applies. *Donahoe v. Surman's Inc. of Roslindale*, 334 Mass. 702, 702 (1956) (rescript); *Hunnewell v. Haskell*, 174 Mass. 557, 557 (1899) (rescript). The mere fact that the plaintiff was injured when he stepped backwards off of a clearly visible step without looking is not evidence of negligence on the part of Home Depot. See *Donahoe*, 334 Mass. at 702. As a matter of law, the plaintiff cannot prove all of the essential elements of his claim because he cannot prove that Home Depot breached any duty owed to him.

In addition, the plaintiff was obliged to use his faculties for his own protection and to guard himself from obvious hazards. *Benjamin v. O'Connell & Lee Mfg. Co.*, 334 Mass. 646, 649 (1956), citing *Darcy v. Lord Burnham & Co.*, 320 Mass. 371, 374-375 (directed verdict for the defendant where the only inference to be drawn from undisputed facts was that plaintiff did not exercise requisite due care). The only inference that can be reasonably drawn from the undisputed facts in this case is that LeClair caused his own injury by failing to exercise due care for his own safety.

## IV. CONCLUSION

The plaintiff fails to offer sufficient evidence to demonstrate that Home Depot breached any duty or that an act or omission by Home Depot caused any injury to him. Therefore, Home Depot is entitled to summary judgment because it has established that the plaintiff has no reasonable expectation of proving an essential element of his claim. *Kourouvacilis*, 410 Mass. at 716.

WHEREFORE, Home Depot USA, Inc. respectfully requests that this Court allow its Motion for Summary Judgment and enter judgment in its favor.

### REQUEST FOR HEARING

Home Depot, USA, Inc. requests oral argument on its Motion for Summary Judgment.

HOME DEPOT USA, INC.,
By its Attorneys,

_____
Brian P. Voke (BBO # 544327)
Christopher A. Callanan (BBO # 630649)
Campbell Campbell Edwards & Conroy, PC
One Constitution Plaza
Boston, MA 02129
617-241-3000

DATED: 12-22-05

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing document was served upon the following counsel of record by First Class Mail on December __21__, 2005.

*+ via the ECF email system*

Cary P. Gianoulis, Esq.
Law Offices of Louis S. Haskell
16 Pine Street
Lowell, MA 01851

                                                           _____
                                                           Christopher A. Callanan